IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| AFTON CHEMICAL CORPORATION, )<br>a Delaware Corporation, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>AFTON TRADING, INC., )<br>a Minnesota Corporation, )<br> )<br>Defendant. )<br> )<br> )<br> )<br> )<br> ) | Civil Action No. 3:12CV079<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Afton Chemical Corporation ("Afton"), by counsel, states the following as its Complaint against Defendant Afton Trading, Inc. ("Afton Trading"):

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and unfair competition under the common law of the Commonwealth of Virginia, which Afton brings to protect the goodwill and consumer recognition it has developed in its federally-protected trade and service marks.

### The Parties

2. Plaintiff Afton is a Delaware corporation with its principal place of business at 500 Spring Street, Richmond, VA 23219.

3. Upon information and belief, Defendant Afton Trading is a Minnesota corporation with its principal place of business at 620 Mendelssohn Avenue North, Suite 165, Golden Valley, Minnesota 55427.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121. The Court has supplemental jurisdiction over Afton's state law claims under 28 U.S.C. § 1367.

5. Upon information and belief, Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## Facts

*Afton and Its Marks*

7. Afton develops, manufactures and sells a variety of chemical products that are used in a wide range of industrial applications. Those chemical products include, without limitation, petroleum additives such as octane-boosting fuel additives, engine oil additives, additives for industrial products and industrial specialty chemicals, among others.

8. Afton has used the mark AFTON CHEMICAL (the "AFTON CHEMICAL Mark") continuously in commerce since 2004. Since it first began using the AFTON CHEMICAL Mark, Afton has worked assiduously to provide its customers with excellent products and service. As a result, Afton is well-known throughout the various industries it services as a premier supplier of chemicals products. Indeed, Afton has developed substantial, valuable goodwill in the AFTON CHEMICAL Mark.

9. To protect its rights in the AFTON CHEMICAL Mark, Afton has obtained federal registrations on the Principal Register of the United States Patent and Trademark Office for the trademark AFTON CHEMICAL. United States Registration No. 3,059,527 was issued to Afton on February 14, 2006, for AFTON CHEMICAL in International Class 35 in connection with

"business management services, namely, logistics and supply chain services for others; distributorship services in the field of chemicals, chemical additives, and raw materials." United States Registration No. 3,121,557 was issued to Afton on July 25, 2006, for AFTON CHEMICAL in International Class 4 in connection with "all purpose lubricants, automobile lubricants, automotive lubricants, graphite lubricants, industrial lubricants, industrial oils, lubricants for industrial machinery, mineral and synthetic oils for use in the manufacture of metal cutting fluids." United States Registration No. 3,136,572 was issued to Afton on August 29, 2006, for AFTON CHEMICAL in International Class 1 in connection with "chemical additives for use in the manufacture of a wide variety of goods, auxiliary fluids for use with abrasives for general industrial use, heat transfer fluids for industrial use, hydraulic fluids for industrial use, quenching fluids for use in metal working" (collectively "Afton's Registered Marks"). Copies of each of these registrations are attached as Exhibit 1.

10. Each of the registrations for Afton's Registered Marks remains in full force and effect. Registration No. 3,059,527 became incontestable on February 14, 2011, pursuant to section 15 of the Lanham Act, 15 U.S.C. § 1065. Registration Nos. 3,121,557 and 3,136,572 similarly became incontestable pursuant to section 15 of the Lanham Act on July 25, 2011, and August 29, 2011, respectively. As such, each of these registrations constitutes conclusive evidence of the validity of the AFTON CHEMICAL Mark, Afton's ownership of the AFTON CHEMICAL Mark, and Afton's exclusive right to use the AFTON CHEMICAL Mark in commerce in connection with the goods and services disclosed in the registrations.

11. Afton also owns registrations for the mark AFTON CHEMICAL & Design, in International Classes 1, 4, and 35 (U.S. Reg. Nos. 3,112,750, 3,118,062, and 3,127,682). These registrations are also incontestable and constitute further evidence of Afton's exclusive rights in

the AFTON CHEMICAL Mark. Copies of these registration certificates are attached as Exhibit 2.

12. The AFTON CHEMICAL Mark is valid, protectable and enforceable. Through Afton's continuous use and advertising, the AFTON CHEMICAL Mark has become well-known in the industries in which Afton operates. Furthermore, the AFTON CHEMICAL Mark is inherently distinctive, or, in the alternative, has acquired distinctiveness through continuous use in commerce.

### *Defendant's Infringement and Unfair Competition*

13. Upon information and belief, Defendant was incorporated in Minnesota on January 14, 2010. Sometime thereafter, Defendant began using the mark AFTON TRADING (the "Infringing Mark") in commerce, in connection with the sale and distribution of chemical products throughout the United States. Upon information and belief, Defendant currently has distribution centers in states around the country and offers its products for sale throughout the United States.

14. In advertising to potential consumers through its website at www.aftontrading.com, Defendant promotes itself as a "global supplier for commodity and specialty chemical ingredients," and purports to service a wide variety of industries, including the oil and gas industry and various other industrial sectors. (*See* Printouts from Defendant's website, attached as Exhibit 3.)

15. The Infringing Mark adopted by Defendant is confusingly similar to the AFTON CHEMICAL Mark. The Infringing Mark copies wholesale the dominant, distinctive component of the AFTON CHEMICAL Mark, namely the word "Afton," and merely substitutes the word "chemical," which Afton has disclaimed in the registrations for Afton's Registered Marks, for

4

the word "trading." This minor difference does nothing to distinguish the overall commercial impression of the Infringing Mark from the AFTON CHEMICAL Mark.

16. As indicated by Defendant's own marketing materials, the industries serviced by Defendant overlap with the industries in which Afton has operated under the AFTON CHEMICAL Mark for approximately eight years. Both companies market, sell and distribute a variety of chemical products, at a minimum, to industrial and oil and gas customers throughout the United States. Moreover, both companies use similar marketing channels to promote their goods and services.

17. There is no affiliation of any kind between Afton and Defendant, and Defendant adopted and began using the Infringing Mark without Afton's permission or consent. Afton has no control over the manner of Defendant's use of the Infringing Mark, or the nature or quality of products advertised, promoted, and offered by Defendant.

18. Given the substantial similarity between the two marks and the similarity of the goods and services provided by both companies, Defendant's use of the Infringing Mark is likely to confuse or to deceive customers. Moreover, Defendant's use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Afton and Defendant, when, in fact, there is no affiliation between the two companies.

19. In addition, Defendant's use of the Infringing Mark has caused, and will continue to cause, actual confusion in the marketplace.

20. Defendant's use of the Infringing Mark is willful and has continued unabated even after Defendant learned of Afton's rights in the AFTON CHEMICAL Mark and Afton's Registered Marks.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114
### (Infringement of Afton's Registered Marks)

21. Paragraphs 1 through 20 are incorporated and made a part of this Count.

22. Defendant is using the Infringing Mark, which is a reproduction, counterfeit, copy or colorable imitation of Afton's Registered Marks, in commerce in connection with the sale, offering for sale, distribution and/or advertising of chemical products that do not originate with, and are not sponsored by or affiliated with, Afton.

23. Defendant is applying the Infringing Mark in advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of chemical products that do not originate with, and are not sponsored by or affiliated with, Afton.

24. Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of the chemical products offered by Defendant in connection with the Infringing Mark, in that customers and potential customers are likely to believe that the chemical products offered by Defendant in connection with a reproduction, counterfeit, copy or colorable imitation of Afton's Registered Marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Afton.

25. Defendant's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the chemical products provided by Defendant in connection with the Infringing Mark and Afton.

26. As a direct and proximate result of the likely confusion, mistake, or deception, Afton has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

27. The likely confusion, mistake, or deception caused by Defendant is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
## Federal Unfair Competition
## 15 U.S.C. § 1125(a)

28. Paragraphs 1 through 27 are incorporated and made a part of this Count.

29. Defendant's actions constitute use of terms, names, symbols and devices, and use of false designations of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the chemical products provided by Defendant, in that customers and potential customers are likely to believe that such chemical products are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Afton.

30. Defendant's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the chemical products provided by Defendant and Afton's chemical products.

31. As a direct and proximate result of the likely confusion, mistake, or deception, Afton has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

32. The likely confusion, mistake, or deception caused by Defendant is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## Virginia Common Law Unfair Competition

33. Paragraphs 1 through 32 are incorporated and made a part of this Count.

7

34. Defendant's conduct constitutes unfair competition in violation of Afton's rights in the AFTON CHEMICAL Mark.

35. As a direct and proximate result of Defendant's unfair competition, Afton has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

36. Defendant's acts were taken in willful, deliberate and/or intentional disregard of Afton's rights.

## JURY DEMAND

Afton respectfully requests a jury trial for this matter.

**WHEREFORE**, Afton prays for judgment against Defendant as follows:

A. Preliminarily and permanently enjoining and restraining Defendant Afton Trading, Inc., its directors, members, officers, agents, servants, employees, subsidiaries, and affiliates, and all persons in active concert or participation with, through, or under any of them, at first during the pendency of this action and thereafter perpetually:

1. from using the Infringing Mark or any other mark that infringes upon Afton's rights in Afton's Registered Marks;

2. from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Afton's Registered Marks;

3. from committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Defendant's goods are the goods of Afton or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Afton under the supervision or control of Afton.

B. Requiring Defendant to change its business name with the Minnesota Secretary of State.

C. Requiring Defendant to file with the Court and serve upon Afton's counsel a written report under oath that it has complied with the Court's order pursuant to paragraphs A and B above.

D. Finding Defendant's unlawful conduct to be willful.

E. In connection with Defendant's acts of federal trademark infringement and federal and state unfair competition, requiring Defendant to account and pay over to Afton all damages sustained by Afton, Defendant's profits, Afton's attorneys' fees and costs, and ordering that the amount of damages awarded Afton be increased three times the amount thereof.

F. That Afton be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted on February 2, 2012.

AFTON CHEMICAL CORPORATION

By Counsel

David E. Finkelson (VSB No. 44059)
dfinkelson@mcguirewoods.com
William N. Federspiel (VSB No. 76716)
wfederspiel@mcguirewoods.com
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: 804.775.1000
Facsimile: 804.775.1061

*Attorneys for Plaintiff Afton Chemical Corporation*